## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v DWYER, et al.

### Case No. CL 88-8887 AG

Fifteenth Judicial Circuit, Palm Beach County

May 4, 1989

### APPEARANCES OF COUNSEL

**Frank W. Weathers,** for plaintiff.

**Roy Jordan, Jr.,** for defendant.

### OPINION OF THE COURT

STEPHEN A. RAPP, Circuit Judge.

### *FINAL JUDGMENT*

This case was tried before the Court without jury. On the evidence presented the Court finds that:

a. Dwyer owned an automobile driven with his permission by Tsufis. State Farm provided insurance to Dwyer for the automobile.

b. In July of 1987, Tsufis was driving Dwyer's automobile towing a boat owned by Hill. The car and boat jackknifed — the boat overturned and was damaged.

c. Shortly thereafter, Dwyer called his State Farm agent and reported the incident. His agent informed him that the boat wasn't covered because of an exclusion in his policy regarding damage to property towed.

d. Hill made a claim for his loss with South Carolina Insurance Co.with whom he had the boat insured. South Carolina paid Hill $12,000 and is subrogated to Hill's rights and interest.

e. In September of 1987, South Carolina wrote Dwyer and advised him of the potential of their subrogation claim. In November and December of 1987 and January of 1988, South Carolina wrote State Farm in care of their West Palm Beach Claims Office, notifying State Farm of their subrogation claim and demanding $12,000.00.

f. State Farm took no action with regard to these letters. State Farm asserts that they do not have the time, money or staff to respond to or investigate letters such as these which do not reference either a policy number or claim number.

g. On or about September 1, 1988, Dwyer was served with suit papers by South Carolina for its subrogation claim. Dwyer for the first time notified State Farm of this liability claim against him.

h. State Farm properly complied with the claim Administration Statute Fla. Stat. 627.426 if measured from September 1, 1988.

South Carolina asserts that State Farm has waived its coverage defense because State Farm failed to comply with Fla. Stat. 627.426 when measured from the date State Farm knew or should have known of a coverage defense. South Carolina asserts this is either when State Farm was told about the incident (back in July of 1987), or received one or all of the letters from South Carolina.

The Court disagrees with this interpretation of the statute. The purpose of the statute is clear. In order to trigger the requirements of 627.426(2)(a), (b)1.2.3., the issuer must either know about or have sufficient knowledge so that it ought to know about a lawsuit claiming their insured is liable.

They are not required to take the actions specified in 627.426(2)(a),(b) in response to threats, claims or notice of claims. Until a claim turns into a "complaint" there is no way to be sure what coverage defenses may or may not be applicable, nor is there a duty to provide a mutually agreeable attorney, etc., as required by the statute.

If an insured tells its insurer he hit the newspaper deliverer in the nose for throwing the newspaper in the bushes, is the insurer required

105

to write the insured a letter within 30 days of this conversation explaining that if you are sued by the deliverer for an intentional tort you don't have coverage under your homeowner's policy, but if he claims you negligently struck him we have a duty to defend but will reserve rights, etc.? To adopt Plaintiff's reasoning would require us to answer this question affirmatively. Such a result makes little sense and is not required by the language of the statute.

Wherefore it is ADJUDGED that:

1. State Farm Policy No. 8043-599.59 provides no coverage for the claim of South Carolina Insurance Co. as set forth in Case No. CL 88-7221 AO.

DONE AND ORDERED at West Palm Beach, Palm Beach County, Florida, this 4th day of May, 1989.